# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

TOMMY POINDEXTER,                      )
                                       )
            Petitioner,                )
                                       )
v.                                     )     Nos.    1:12-CR-111-TRM-CHS-1
                                       )             1:16-CV-120-TRM
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 42]. He bases his request on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on June 15, 2016 [Doc. 44]. For the following reasons, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

In 2013, Petitioner pled guilty to committing bank robbery by force or intimidation, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [Docs. 26–28, 38]. The Court sentenced Petitioner to an aggregate term of 130 months' incarceration—46 months' incarceration for the bank robbery followed by 84 months' incarceration for the § 924(c) offense [Doc. 38]. Petitioner did not file a direct appeal of his conviction or sentence. In May of 2016,

Petitioner filed the instant challenge to his conviction under § 924(c) based on the *Johnson* decision [Doc. 42].[1]

## II. ANALYSIS

Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A). The argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual

---

[1]   The Court finds that it need not determine whether the petition is timely under § 2255(f)(1) because, even if the § 2255 motion was filed within the applicable one-year statute of limitations, the *Johnson* decision does not provide a basis for granting the requested relief.

[2]   The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

2

clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under 18 U.S.C. § 2113(a) would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction, which by definition involved taking or attempting to take from the presence of another by force or violence a thing of value in the care, custody, control, management, or possession of a bank, 18 U.S.C. § 2113(a), categorically falls within the scope of that provision. *See, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *accord In re Watt*, No. 16-14675, 2016 WL 3941083, at *1 (11th Cir. July 21, 2016) (explaining that a violation of 18 U.S.C. § 2114(a) would constitute a crime of violence under § 924(c)(3)(A)); *United States v. Enoch*, No. 15-cr-66, 2015 WL 6407763, at *3 (E.D. Ill. Oct. 21, 2015) (concluding violations of 18 U.S.C. § 2114(a) categorically qualified as crimes of violence under § 924(c)(3)(A), the use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the use-of-physical-force clause). As a result, the *Johnson* decision is inapposite.

3

IV.     **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [Doc. 42] will be **DENIED** and

**DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action

would not be taken in good faith and would be totally frivolous.  Therefore, this Court will

**DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal

Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. §

2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4